# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| U.S. BANK, N.A., as Trustee, |
| Plaintiff, |
| v. |
| JOHNETTE P. WILSON, *et al.*, |
| Defendants. |

Civil Action No. 18-2106 (JEB)

## ORDER

On February 16, 2018, Plaintiff U.S. Bank, N.A., acting as a trustee, filed this foreclosure action in the D.C. Superior Court against Johnette and Zenobia Wilson. See ECF No. 1 (Notice of Removal) at ECF p. 20 (Complaint). After filing a pleading characterized as an Answer and Counterclaim in the Superior Court in March, Defendants last month removed the matter to this Court. See Notice. They invoke federal jurisdiction based on diversity of citizenship and an amount in controversy over $75,000. Id. at 2-3. Pointing out both that District citizens cannot remove a case filed in Superior Court on diversity grounds and that, even if they could, the removal here is untimely, Plaintiff now seeks remand there. See ECF No. 6 (Motion to Remand). The Court agrees.

Under 28 U.S.C. § 1441(b)(2), an action otherwise removable on the basis of diversity under § 1332 "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See also Strategic Lien Acquisitions LLC v. Republic of Zaire, 344 F. Supp. 2d 145, 146 (D.D.C. 2004) (remanding matter where removing defendant deemed a resident of D.C.). In this case, both Defendants are

1

residents of the District.  Indeed, they admit as much in their Notice of Removal.  See Notice at 2.  This alone requires remand.

Alternatively, even if Defendants could have removed the matter, they have acted too late.  Under 28 U.S.C. § 1446(b)(1), Defendants were obligated to file any notice of removal, at the latest, within 30 days after receipt of the Complaint.  Johnette Wilson was served on February 2018, see Mot., Exh. B (Service Affidavit), and both Defendants brought a counterclaim on March 27.  Id., Exh. C (Counterclaim).  Even if the Court ignores that second event, it does note that Zenobia Wilson was served on June 19.  Id., Exh. D (Service Affidavit).  Using that latest date, therefore, Defendants had until July 19, 2018, to file their Notice of Removal.  As they filed on September 10, 2018, they are out of luck.  See Void v. Smoot, 2017 WL 5664746 (D.C. Cir. Nov. 8, 2017) (remanding case where notice of removal filed one day late).

The Court, consequently, ORDERS that:

1. Plaintiff's Motion to Remand is GRANTED; and
2. This matter is REMANDED to the Superior Court for the District of Columbia for all further proceedings.

IT IS SO ORDERED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  October 29, 2018